Betty Jean CARLTON,
Plaintiff-Appellant,

v.

Hall H. WILSON, Lillian M. Wilson and
Western Indemnity Company, Inc.,
Defendants-Respondents.

No. 12013.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1981.

Joe W. Collins, Sam G. Hopkins, Stockton, for plaintiff-appellant.

Nicholas L. Swischer, Nevada, Dan K. Purdy, Osceola, David W. Ansley, Springfield, for defendants-respondents.

GREENE, Presiding Judge.

Plaintiff, Betty Jean Carlton (Betty), filed a three-count petition against defend-

ants, Hall H. Wilson (Hall), his wife, Lillian M. Wilson (Lillian), and Western Indemnity Co., Inc. (Western).

Count I was an action at law for waste against all three defendants. It alleged that while Hall, as a licensee, was occupying a dwelling house located on real estate owned by Betty in Cedar County, Missouri, the house was destroyed by fire by reason of negligence of Hall, and prayed for money damages. The count also prayed for injunctive relief, via a court order to Western, to pay the proceeds of a fire insurance policy insuring the house to Betty, to recoup Betty for her loss. Count II was an action to quiet title to the real estate. Count III, dismissed with prejudice prior to trial, was against Western only, charging negligence in their failure to designate Betty as a named insured in the fire policy. In their answers to Counts I and II, Hall and Lillian did not ask for affirmative relief, but merely denied the allegations contained in those counts and prayed that Betty's petition against them be dismissed. Western's answer to Count I announced its intention to pay the proceeds of the policy into court, but did not ask for any affirmative relief, other than being discharged from the lawsuit.

The case was court-tried. The evidence consisted of a stipulation of some facts, a copy of the deed to the real estate showing Betty as the fee simple owner and Hall as a life tenant, and a copy of the fire policy issued in the names of Hall and *Levon* Wilson (Betty's mother and Hall's former wife, who is now deceased). No proof was introduced at trial as to who paid the premiums on the policy. The only live witness was Hall, who testified that the house was struck by lightning while he was out walking his 12-year-old Siamese cat during a thunderstorm, and that the ensuing fire destroyed the house.

In its judgment, the trial court correctly observed that Count I was for damages for waste, Count II was a petition to quiet title, and that Count III had been dismissed prior to trial. The judgment went on to state, "At the trial, the suit effectively reduced itself down to a suit in the nature of interpleader for the proceeds of an insurance policy." The judgment stated that Betty's evidence on Count I did not prove negligence or waste on the part of Hall and found for Hall on that issue. However, in further consideration of Count I, the court ordered that the proceeds of the policy on deposit with the circuit clerk be paid over to Hall. The court further observed that since Lillian had filed a disclaimer of interest, she had no interest in the real estate or policy proceeds.

As to Count II, the court held that the deed of December 15, 1973 effectively conveyed fee simple title to the real estate to Betty "subject to an estate per [sic] autre vie which upon the death of Levon E. Wilson became vested in Hall H. Wilson along with her other heirs." In its judgment, the trial court went on to state that Hall had an insurable interest in the property as an heir, that he had insured the house, and that he was not obligated to keep the property insured for Betty. Betty appealed from the judgment.

■■■■ The problem here is with the judgment itself. A judgment must conform not only to the evidence but also to the pleadings. A decree outside the record issues pleaded is void. A judgment must be based on more than an effort by the trial court to compromise litigation. *Brotherton v. City of Jackson*, 385 S.W.2d 836, 841 (Mo.App. 1965). There is no doubt but that the trial judge was conscientiously attempting to resolve a matter according to what he thought was the intent of the parties, but the pleadings simply did not justify such treatment. Even under modern day procedure, one cannot plead actions at law, and recover in equity.

Since the judgment is void, we reverse and remand. In the interest of justice, we believe that the trial court should permit the plaintiff (Betty) to amend her plead-

ings, if she so desires, to stake a claim to all or part of the insurance policy proceeds, to permit defendant Hall H. Wilson to file responsive pleadings claiming an interest in all or part of the proceeds, to permit Western, by proper interpleader, to have its liability settled, and to grant a new trial on the issues properly presented by the amended pleadings.

It is so ordered.

All concur.