**Edward RENISCH, Executor of the Estate of Alfred E. Renisch, Deceased, and Edward Renisch, Individually, Appellants,**

v.

**Edna RENISCH, Respondent.**

**No. 45179.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 8, 1983.

Richard B. Blanke, Olivette, for appellants.

Timothy Patterson, Hillsboro, for respondent.

SIMON, Presiding Judge.

Edward Renisch (appellant), individually and as executor of the estate of his father, Alfred E. Renisch, deceased, instituted an action regarding the title to real estate, and alternatively for restitution of money spent for improvements to the real estate. The trial court found for Edna Renisch (respondent).

Alfred E. Renisch (father) purchased Lot 3 in Block E of Valle Lake, a subdivision in Jefferson County, Missouri, in 1957. On November 24, 1965, he executed a Quit Claim Deed conveying Lot 3 to himself and appellant, as joint tenants to the survivor thereof. The father retained possession of this deed during his lifetime. The deed was recorded in March, 1981, almost three years after his death. The trial court found no delivery of this Quit Claim Deed to appellant.

On December 19, 1966, father married respondent, his second wife. On April 1, 1968, father conveyed Lot 3 by Warranty

Deed to himself and respondent, as tenants by the entirety. This deed was recorded on April 29, 1968. Respondent testified she had no knowledge of the November 24, 1965 deed, but appellant testified that she did have knowledge of the deed.

On August 30, 1977, father conveyed Lots 2 and 3 by Quit Claim Deed to appellant. Subsequently, father died on July 19, 1978, and appellant was appointed the executor of his father's estate.

On appeal, appellant, in his points relied on, questions the trial court's: (1) failure to make findings on each controverted fact issue as requested; (2) finding no delivery of the 1965 Quit Claim Deed; (3) judgment as to Lot 2; (4) failure to hear newly discovered evidence; (5) failure to admit testimony of handwriting expert; (6) failure to find a resulting trust; (7) failure to order restitution; and (8) failure to admit a witness' affidavit into evidence. Except for the points pertaining to Lot 2, all of the points relied on are not meritorious. The judgment pertaining to Lot 3 is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended opinion would have no precedential value. Rule 84.16(b).

That part of the judgment pertaining to Lot 2 must be reversed. In his petition, appellant asked for relief only as to Lot 3. Respondent's answer referring to the 1957 Warranty Deed recites that the legal description includes Lot 2, but in checking the 1957 Deed we fail to find any reference to Lot 2. The 1957 Warranty Deed's legal description referred solely to Lot 3. The record contains insufficient evidence as to the status of the title of Lot 2. Lot 2 was not the subject matter of the lawsuit. Thus, the judgment relating to Lot 2 does not conform to the evidence or the pleadings. *Johnson v. Buffalo School Dist. No. 1 of Dallas County*, 231 S.W.2d 693, 697–698 (Mo.1950) and *Carlton v. Wilson*, 618 S.W.2d 731, 732–733 (Mo.App.1981).

Therefore, that part of the judgment declaring a one-half interest vested in respondent and a one-half interest vested in appellant as to Lot 2 of Block E of Valle Lake, a subdivision of Jefferson County, Missouri is reversed. The judgment, in all other respects, is affirmed in accordance with Rule 84.16(b).

STEPHAN and KAROHL, JJ., concur.