Glenda D. KEEN,
Plaintiff-Appellant-Respondent,

v.

Otella G. DISMUKE,
Defendant-Respondent-Appellant.

Nos. 13474, 13481.

Missouri Court of Appeals,
Southern District,
Division Three.

March 12, 1984.

Joseph P. Fuchs, Dempster, Fuchs & Barkett, Sikeston, for plaintiff-appellant-respondent.

Stephen L. Taylor, Gilmore, Gilmore, Taylor & Burns, Sikeston, for defendant-respondent-appellant.

GREENE, Chief Judge.

This case involves the possession and ownership of a three-bedroom house located on residential property in Sikeston, Missouri. Plaintiff, Glenda D. Keen, is the daughter of defendant, Otella G. Dismuke. Glenda is the record title owner of the property, and Otella is in possession of it.

After serving a notice to vacate on her mother, which notice was ignored, Glenda sued Otella for possession of the premises, plus damages. Otella counterclaimed, asserting fee simple ownership in the real estate, described in the pleadings as "All of Lot No. Thirteen (13), Block No. Four (4), of Prairie Addition to the City of Sikeston, Scott County, Missouri", by reason of an oral conveyance, and requested that the trial court "quiet title to the above-described premises in Defendant ...."

After hearing evidence, the trial court entered the following order:

"Now on this 26th day of July, 1983, the Court being fully advised and informed and after reviewing memorandums submitted by the parties, finds that the Plaintiff conveyed to Defendant an estate for defendant's life.

Therefore, it is ORDERED, ADJUDGED, and DECREED, that defendant possess a life estate in said property, defendant is to continue to pay all payments due and owing to said real estate."

■ In their appeals, consolidated here, both parties assert the purported judgment is erroneous because neither party pleaded, proved, or requested the award of a life estate interest. We concur with such assertion, as the powers of the trial court are limited to the claims for relief and issues made by the pleadings, and a judgment or order not so limited is void. *Stickle v. Link*, 511 S.W.2d 848, 856 (Mo. 1974).

We further observe that the trial court's order, although affecting the title to real estate, does not describe the real estate, and further observe that the order is conditional on acts to be performed in the future, i.e., the payment of unspecified sums by Otella to some unspecified person for some unspecified length of time.

■ In ejectment and quiet title actions, judgments must describe with reasonable certainty the real estate affected by the decree. *Tillman v. Hutcherson*, 348 Mo. 473, 483, 154 S.W.2d 104, 110 (1941); *Tripp v. Harryman*, 613 S.W.2d 943, 951 (Mo. App.1981). The judgment here fails to describe the real estate in any fashion whatsoever.

■ In addition, we glean from the purported judgment that Otella's tenure is conditioned on her continuing "to pay all payments due and owing to said real estate," whatever that phrase means. If so, the decree amounts to a conditional judgment, which is prohibited by law. *Luna v. Grisham*, 620 S.W.2d 427, 428 (Mo.App. 1981). The defects in the court's "order" are jurisdictional, and the judgment is void.

The trial court's order of July 26, 1983, is set aside, and the cause is remanded to the trial court with directions to enter a proper judgment based on the pleadings and the evidence.

HOGAN, MAUS, and PREWITT, JJ., concur.

CROW, P.J., recused.