Mahlon H. and Pearl J. BELISLE, Respondents,

v.

John MICELI, Appellant.

No. WD 40134.

Missouri Court of Appeals, Western District.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1988.

Terence M. O'Brien, Kansas City, for appellant.

James E. Ewan, William L. Hall, Phillips, McElligott, Ewan & Hall, Independence, for respondents.

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

CLARK, Presiding Judge.

This action arose out of the sale of an antique automobile and a claim by plaintiffs-respondents that the vehicle was not as represented by defendant-appellant. The trial court awarded plaintiffs judgment for $4500.00, the purchase price paid, and directed that plaintiffs return the automobile to the defendant. The defendant has appealed.

The action filed was in two counts. In the first, plaintiffs alleged an agreement whereby they were to purchase from the defendant a 1928 Ford Model A Roadster for $4500.00. The sum was paid, but instead of the 1928 Ford, plaintiffs alleged that the car delivered to them was a 1931 Ford. On this account, plaintiffs asserted that defendant had breached the contract to plaintiffs' damage in the amount of $5885.89, consisting of the purchase price and expenses for transporting, storing and insuring the vehicle.

The second count of the petition was for fraud. There, plaintiffs alleged that defendant had falsely and intentionally misrepresented the Ford automobile to be a 1928 model, that the difference in value between a 1928 Ford and a 1931 Ford was $2000.00 and, in consequence, plaintiffs were entitled to $2000.00 actual damages and $25,000.00 punitive damages.

That portion of the evidence in the case which was not disputed established that appellant owned a partially restored Model A Ford automobile and a quantity of replacement parts. The mechanic who was engaged in the restoration project became ill and was unable to continue with the work. Appellant determined to abandon the project and when contacted by respondents, agreed to sell them the vehicle and the parts. Appellant had a Missouri certificate of title which showed him as the owner of a 1928 Ford Roadster, vehicle identification number LB1199. Respondents paid appellant the agreed price of $4500.00 and appellant endorsed and delivered to respondents the title certificate. The vehicle was not in operating condition. Respondents loaded the car and the parts on a trailer and took them to their home in Colorado.

The claims in respondents' petition were based on assertions that the car they received from appellant was not a 1928 model as represented, but a 1931 Ford. In consequence, they sought damages, as noted, for breach of contract and for fraud.

■ The first problem encountered in the case is that the judgment is not responsive to the claims asserted in the petition. Although the respondents proceeded on a theory of breach of contract, the court granted a judgment for rescission or repudiation of the contract. Moreover, the judgment gave no recognition to the fact that the petition was in two counts. Only a single judgment without mention of the separate counts was entered. The disposition of the case was apparently on the initiative of the trial court because there was no amendment of the petition and no oral request by respondents or their counsel for any relief other than as prayed in the petition. Appellant complains in three of his points relied on that the judgment was inconsistent with the theory pleaded and not within the scope of the issues tried.

The office of the pleadings is to present, define and isolate the controverted issues before the trial begins so that the trial court and the parties may be advised of those issues. Pleadings are not to be em-

ployed to camouflage or conceal issues or to entrap or ambush the adverse party. *Wilson v. Motors Insurance Corp.*, 349 S.W.2d 250, 253 (Mo.App.1961). A judgment must conform not only to the evidence, but also to the pleadings and must be based on more than an effort by the trial court to compromise litigation. *Carlton v. Wilson,* 618 S.W.2d 731, 732 (Mo. App.1981).

A claim of rescission is ordinarily inconsistent with a claim of damages for breach of contract and, because one may not recover judgment on a theory inconsistent with his pleadings, *McCullough v. Newton,* 348 S.W.2d 138, 141, 144 (Mo.1961), a petition in damages for breach of contract does not permit the court to render judgment for rescission. A judgment not within the claims for relief and the issues made by the pleadings is void. *Keen v. Dismuke,* 667 S.W.2d 452, 453 (Mo.App.1984). Even under modern day procedure, one cannot plead an action at law and recover in equity. *Carlton v. Wilson,* 618 S.W.2d at 732.

Whether it be that the judgment entered by the trial court in this case is rescission or, as respondents suggest, repudiation, that was not the cause of action respondents pleaded. The judgment was in error because not within the claim for relief and is void.

There remains the question of what disposition should be made on this appeal upon reversal of the judgment below. If respondents made a case for breach of contract as alleged, they should not be deprived of an opportunity for a verdict because of error in the judgment entered. We therefore examine the evidence to determine whether respondents proved the elements necessary to support a judgment in damages for breach of contract and whether the petition count for fraud should have been considered.

As stated earlier, the essential component of respondents' case was their claim that the Ford automobile was not a 1928 model. Respondents agreed that the vehicle seen at the time the purchase was made was the same car received. The evidence did show that the motor in the car had been manufactured in 1931 or 1932. According to respondents, this fact established the vehicle to be a 1931 model and therefore different from the car which appellant had agreed to supply for the purchase price paid.

Respondents offered only Mahlon Belisle's testimony on the issue of what model designation was applicable to the automobile. Appellant, however, presented the testimony of an expert in the field of restoration of Model A Ford automobiles, James Thomas. The qualifications of Thomas as an expert and the content of his testimony were uncontroverted. According to Thomas, there was a major change in the body style of Model A Fords in 1930. On this account, those knowledgeable on the subject refer to a Model A Ford as a 1928–29 or a 1930–31. The subject vehicle was identified by witness Thomas to be a 1928–29 Model A, known by him to be such by the style of the body and configuration of the sheet metal. The replacement of the engine with a motor manufactured in 1931 or 1932, a not unusual circumstance in an automobile of this age, did not alter the designation of the model year to be 1928–29, in the witness's expert opinion.

■ The disputed fact issue under this evidence was whether the car in question was not the 1928 Ford contemplated by the sale contract because the engine was of a different year's manufacture or whether the model year is determinable by the body style, as witness Thomas contended. Although the trial court entered findings of fact, it made no determination of this question. Arguably, respondents' proof, although minimal and substantially refuted by the testimony of witness Thomas, was sufficient to present this fact issue to the court. If respondents otherwise made their case, a new trial would be required to remedy the error of the void judgment. We conclude, however, that remand is not appropriate because respondents failed to prove any damages sustained in consequence of the asserted breach of contract.

In respondent Mahlon Belisle's testimony, which was the only evidence respondents presented on the subject, he stated respondents had been damaged because the

automobile was not as represented by appellant. He gave no opinion as to any respective dollar values of the vehicle as received and what the car would have been worth if a genuine 1928 model, nor did he otherwise explain why the petition claimed damages in the full amount paid to appellant. He did offer receipts to account for expenses incurred in transporting, insuring and storing the car, but gave no evidence to connect those expenses as any consequence resulting from the difference in the model years of antique Ford cars.

According to witness Thomas, who supplied the only valuation evidence in the case, the vehicle which respondents received in the unrestored condition as delivered to respondents, was worth $4000.00 to $7000.00 taking into account the fact that it was equipped with a 1931 or 1932 engine. Thomas also indicated that a 1928 Ford with a 1928 engine would be more valuable than the same car with a later model engine, but he was not asked and he offered no opinion as to what the valuation differences would be.

If it be assumed that respondents' evidence regarding the model year of the motor in the subject vehicle was sufficient to make a case of breach of contract, a dubious proposition at best, respondents may nonetheless not be found to have been entitled to a judgment because they failed to prove any damages suffered in consequence of the breach of contract. Such damages as may have been sustained were under the evidence a matter of pure speculation and insufficient to support any judgment granting respondents a monetary recovery. It also follows, therefore, that the second petition count for fraud was not submissible. There is no ground to remand the case for a new trial.

Respondents seek to support the judgment by arguing that the sale transaction was void because in violation of § 301.210, RSMo 1986. That section requires that the seller of a motor vehicle endorse and deliver to the purchaser, at the time possession

of the car is delivered, a certificate of title to the vehicle. Any attempted sale without observing these requirements is void. Respondents argue that the subject sale was not in compliance with the statute because the engine number on the 1931 or 1932 motor did not appear on the title certificate received from appellant and they were unable to find on the vehicle the identification number which was on the title.

For the reasons already stated, respondents were not entitled to recover on such a theory because there was no claim to that effect presented in the petition. To the contrary, the petition relied on a valid contract of sale as a necessary element of a suit for breach of contract. Moreover, the evidence showed that appellant had a Missouri certificate of title which he endorsed and delivered to respondents at the time of the sale. If there was any violation of the Missouri statutes relating to the titling and licensing of motor vehicles, it was not a violation of the section on which respondents rely.[1]

The judgment is reversed.

All concur.

---

1. The subject car appears to have been a "motor change vehicle" as described in § 301.010(24), RSMo 1986, that is, a vehicle manufactured before August, 1957 which has received a new, rebuilt or used engine. In that circumstance, it

is appropriate to secure a new certificate of ownership indicating "motor change vehicle." This is accomplished by application, inspection and payment of a fee to the director of revenue. Section 301.190.2 and .8, RSMo 1986.